Modified.

In re WICKERSHAM.

Patent Appeal No. 3421.

Court of Customs and Patent Appeals.

Feb. 25, 1935.

Baldwin & Wight, of Washington, D. C. (Donald M. Wight, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office, affirming the decision of the Examiner, denying patentability, in view of the prior art, of claims numbered 21, 25, 26, 28, 29, 31, 37, 38, 40, and 41 of appellant's application for a patent for improvements in threshing machines.

The Primary Examiner allowed seven claims presented in appellant's application. The Board of Appeals allowed three additional claims. All of said allowed claims involved certain combinations of elements regarded as not shown in the prior art.

The application discloses a threshing machine which comprises a substantially rigid tubular structure, and which, in the preferred form, comprises a tubular metallic shell, which shell serves as the housing and support for the threshing mechanism. The shell serves as the main frame of the machine. The motive power which moves the machine is connected directly to said shell. The threshing machine mechanism, including the housing and frame, is mounted in balanced position upon an axle, which axle contains ground-engaging wheels.

Claims 21 and 37 are illustrative, and follow:

"21. In a harvester-thresher a sole support and housing for threshing mechanism consisting of a single member."

"37. In a threshing machine, a wheeled axle, a unitary sheet metal shell member constituting the sole frame of the machine, threshing mechanism mounted within and supported by said shell, and means for positioning the shell on the axle."

The references relied upon are: Kejr, 1027484, May 28, 1912; Richmond, 1287439, December 10, 1918; Best, 410307, September 3, 1889; Winslow, 1386298, August 2, 1921.

In affirming the action of the Examiner, the Board said: "Claims 21, 25, 26, 28, 29, 31, 37, 38, 40 and 41 [the claims at bar] appear to distinguish from the references relied upon by the examiner only in constructing the casing in which the threshing mechanism is contained and the structure supporting such casing on the axles as a single element which will act as a combined support and housing, the parts being so arranged that they will be substantially balanced on a single axle. Such a reorganization of the structures disclosed in the references relied upon would not, we consider, be a matter of invention. Claim 28 includes the limitation that the housing is provided with an aperture in one side and a header communicating with the aperture. While the machine of Best is not shown in side elevation it would seem evident that the housing of the threshing mechanism must be provided with an aperture to cooperate with the harvester shown. To substitute a header for the harvester as shown by Best would not, we feel, be a matter of invention. We feel therefore that we must agree with the examiner that these claims should not be allowed."

Appellant, under the heading "Question Before the Court," in his brief, states the issue presented as follows: "The question now before this court therefore is—Could the structures disclosed by the references be reorganized so as to produce the structure claimed by appellant wherein the separate main frame of the prior art is eliminated without eliminating its function—without the exercise of invention?"

Appellant urges here that he "has eliminated the separate main frame required in the prior art threshers without eliminating its function, namely, the function of supporting the mechanism and mechanism housing and serving as the main frame of the entire machine. * * * In other words, appellant has eliminated one element of the old prior art combination (the heavy main frame), by making a new element (the combined threshing mechanism housing and main frame structure) serve the functions of two old elements. * * *"

From this premise appellant argues that the elimination of a part of a machine without eliminating its function may constitute invention, and cites as supporting authority Cumming v. Baker & Hamilton (C. C. A.) 144 F. 395, 397; Standard Envelope Sealer Mfg. Co. v. Graywood Mfg.

Co. (D. C.) 1 F.(2d) 667, 670; Postage Meter Co. v. Standard Mailing Mach. Co. (C. C. A.) 9 F.(2d) 19, 21; and In re Albert C. Fischer, 58 F.(2d) 1060, 1061, 19 C. C. P. A. (Patents) 1219.

The Solicitor for the Patent Office acknowledges the soundness of the principle of law (which seems to be well settled), pressed by appellant, but replies, in substance, that what appellant did was the obvious thing to do, and that the above contended for rule of law must also be considered with another rule referred to by the Examiner, to the effect that making in one integral piece what was previously made in two pieces fastened together does not constitute invention. In support of this position the Solicitor cites Howard et al. v. Detroit Stove Works, 150 U. S. 164, 14 S. Ct. 68, 37 L. Ed. 1039.

It seems to us that the proper decision of this case may be arrived at by the application of the two principles announced in the decisions heretofore cited. Strictly speaking, as will more clearly appear later, appellant has done more than to make in one integral piece what was previously made in two or more pieces fastened together. It is not denied that the claims at bar relate to a structure possessing novelty; that such a structure as is called for by the claims at bar is useful and is an improvement over the prior art. Appellant contends that, by combining the threshing machine housing and the main frame into a unitary and substantially rigid shell-like structure, the heavy weight of the main frame of the prior art structures has been eliminated without the sacrifice of rigidity and strength. Appellant also urges that, by eliminating the multiplicity of beams, struts, and girders of the old art, and by substituting his new structure with fewer parts, he has contributed to the art enormously in economy of production.

We think an examination of the prior art and appellant's disclosure is convincing that appellant's structure possesses the advantages over the prior art which he claims for it, and that, under the reasoning of the cases relied upon by appellant, it should not be held that the claims at bar lack inventive novelty over the prior art cited.

In Cumming v. Baker & Hamilton, supra, it was held that it involved invention to make the wind-pipe of a portable forge perform the double function of conveying the blast and supporting certain other parts,

where, in the prior art the wind-pipe performed the single function of conveying the blast. The court said: "Except in respect to such differences as may exist between the blower of the patent in suit and that patented to Cumming in 1884, the only new idea embodied in the patent in suit is the making of the wind-pipe of the plaintiff's forge serve the double purpose of conveying the blast and supporting certain other parts of which the forge is composed. No previous forge, so far as appears, ever made the wind-pipe perform that double function. That idea was therefore new, and it was useful, too; for it reduced the number of parts of a very useful device, thereby rendering easier and more rapid its separation for transportation, and the reassembling of its various parts for use. * * *"

In Standard Envelope Sealer Mfg. Co. v. Graywood Mfg. Co., supra, it was said:

"But this case falls under the principle that:

" 'A reconstruction of a machine, so that a less number of parts will perform all the functions of the greater, may be invention of a high order.'

"This, in my view, is exactly what Storck did. He discovered that heavy pressure from a mechanically applied device was no necessary or helpful factor in sealing envelopes. He omitted the presser plate device, so that the new machine, with the self-sealing stack adjacent to the moistening device, performed with a less number of parts all the functions of the old model machines. He put the whole sealing job upon the stack; whereas before it had been begun in the machine and completed in the stack."

The patent was held valid in the Postage Meter Co. Case, supra, and in the decision the court said: " * * *. It cannot be questioned that simplicity is the result of the inventive faculty when it succeeds in dispensing with parts which have long been in use, and which were found to be cumbersome and unnecessary. * * *"

A question quite analogous to the one at bar was presented to this court in Re Albert C. Fischer, supra. There the applicant had omitted a part of the prior art structure, but in the new structure retained the function served by the old omitted part. In an opinion by Lenroot, Judge, we there said:

"It is well established that there is nothing inventive in omitting a part of a device and also the function of that part. In re Trester, 17 C. C. P. A. [Patents] 642, 36 F.(2d) 133, 134; In re Fry, 19 C. C. P. A. [Patents] 825, 54 F.(2d) 433.

"It is equally well established that omitting a part of a device while retaining the functions of the part omitted may be invention. Richards v. Chase Elevator Co., 159 U. S. 477, 16 S. Ct. 53, 40 L. Ed. 225. * * *

"The question in the case at bar, in view of the foregoing authorities, is whether appellant's construction performs the functions that are performed by the device of Leach, or whether the omission by appellant of the metal plate shown by Leach involved also the omission of the function performed by said plate.

"If the function performed by said plate is retained by appellant in his construction, then the further question arises as to whether the omission of said plate involves invention. * * *

"Leach shows an expansion joint composed of three members, each of different material. Appellant shows an expansion joint of a single material, performing all of the functions of the joint of Leach except the bending over of the top of the metal plate of Leach, which is not here involved. As heretofore observed, the principal function of the metal plate of Leach is to secure rigidity of his joint, and appellant has found that, by his construction, sufficient rigidity of the joint could be secured without the use of the metal plate. In other words, appellant omits a part shown by Leach, but, by means of a different construction, retains its principal function.

"The case is therefore differentiated from that of In re Trester, supra, and the question is whether appellant's construction, consisting of a single preformed plastic material, involves invention over the reference Leach.

"The tribunals of the Patent Office answered this question in the negative, but we are of the opinion that there is at least sufficient doubt of lack of patentability as to require the application of the rule that, in such a case, the doubt should be resolved in favor of the applicant."

We feel fully justified in saying that there is at least sufficient doubt on the question of patentability as to require the application of the well-known rule applicable to

such cases, and that such doubt should be resolved in favor of the applicant.

It follows that the claims at bar should be allowed, and the decision of the Board of Appeals is reversed.

Reversed.

